# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Community Bank of Nevada, <br><br> Plaintiff, <br><br> vs. <br><br> CBC FINANCIAL CORPORATION, *et al.*, <br><br> Defendants. | Case No.  2:11-cv-00297-LDG-GWF <br><br> **ORDER** <br><br> FDIC's Motion to Compel Appearance at Deposition and For Discover Sanctions (#17) |

This matter comes before the Court on FDIC's Motion to Compel Appearance at Deposition and for Discovery Sanctions (#17), filed on January 20, 2012 and Defendants' Response to Motion to Compel (#19), filed on February 6, 2012.  Plaintiff requests the Court compel Barton Maybie, who failed to appear for the first scheduled deposition and was intoxicated at the second deposition, to appear for deposition.  Plaintiff further requests sanctions against Defendants including an award of the costs and fees associated with the two prior failed depositions, the fees incurred from bringing this motion to compel, an entry of default against Defendants and/or the preclusion of evidence.

In response, Defendants agree that the Court should order Mr. Maybie to appear for deposition.  Defendants further do not oppose the Court awarding Plaintiff their fees and costs associated with the prior depositions and the bringing of this motion.  Defendants however argue that the fees sought by Plaintiff are excessive and asks the Court to use its discretion in awarding reasonable attorney's fees and costs.

Plaintiff is entitled to take the deposition of the Defendants or its representative.  The Court therefore orders Defendant Barton Maybie to appear for deposition by Plaintiff.  Plaintiff may take

Mr. Maybie's deposition at a date prior to the filing of their dispositive motions or after ruling on the dispositive motion, in the event that their dispositive motion is denied. Mr. Maybie is ordered to appear sober and ready, willing, and able to actively participate in the deposition. If Mr. Maybie fails to appear at the noticed deposition or appears in a state which frustrates the taking of his deposition, the Court may impose additional sanction against Mr. Maybie and Defendant including holding Mr. Maybie in contempt of court.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court will award Plaintiff their reasonable attorney's fees and costs associated with bringing this motion. Plaintiff has identified that a total of 8.9 hours have been spent on this motion, and further anticipated spending an additional 5 hours in drafting the reply and attending a hearing on this matter. Plaintiff therefore requests a total of $2,896.00 in fees associated with this motion. Plaintiff however does not provide the Court with an itemized description of the number of hours spent in drafting this motion and further fails to provide the Court will the hourly rate charged. Additionally, the Court enters this Order without allowing Plaintiff the opportunity to draft a reply brief, and no hearing will be held on this matter. The Court therefore will not decide the amount of reasonable attorney's fees and costs that should be awarded. Instead, the Court directs Plaintiff to submit a memorandum of attorney's fees and cost to the Court.

Plaintiff further requests a total of $693.70 in recorder's fees and costs associated with Defendants failure to participate in the two previously noticed depositions. The Court will award Plaintiff their reasonable costs incurred as a result of Defendants' conduct; Plaintiff however fails to provide the Court will any documentation to support their requested costs. Plaintiff is therefore directed to provide, in their memorandum of fees and costs, documentation to support the recorder's fees and other costs associated with Defendants' failure to participate in the two prior depositions. At this time, the Court will not enter default against Defendants and will not exclude any evidence. Awarding Plaintiff their reasonable attorney's fees and costs associated with Defendants' failure to attend the noticed depositions is sufficient. Accordingly,

**IT IS HEREBY ORDERED** that FDIC's Motion to Compel Appearance at Deposition and for Discovery Sanctions (#17) is **granted**. Defendant Barton Maybie is hereby ordered to

appear for deposition at a date noticed by Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff shall be awarded their reasonable attorney's fees and costs associated with bringing this motion and Defendants' failure to appear at the two previously noticed depositions.

1) Counsel for Plaintiff shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred by bringing this motion and Defendants' failure to appear at the two previously noticed depositions.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

(2) Defendants shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

(3) Counsel for Plaintiff shall have 11 days from service of the responsive memorandum in which to file a reply.

**IT IS FURTHER ORDERED** that all other requested sanctions are **denied**.

DATED this 8th day of February, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge