# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Community Bank of Nevada, <br><br> Plaintiff, <br><br> vs. <br><br> CBC FINANCIAL CORPORATION, *et al.*, <br><br> Defendants. | Case No.  2:11-cv-00297-LDG-GWF <br><br> **ORDER** |

      This matter comes before the Court on FDIC's Memorandum of Fees and Costs Related to Its Motion to Compel (#22), filed on February 24, 2012.  No response was filed.  On February 9, 2012, the Court granted Plaintiff's Motion to Compel and awarded Plaintiff their reasonable attorneys' fees and costs associated with bringing the Motion to Compel (#17) and Defendants' failure to appear at the two previously noticed depositions.  Plaintiff now submits this memorandum, requesting reimbursement in the amount of $3,593.70.

## DISCUSSION

      The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.*  Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City*

*of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests a total of $3,593.70 in fees and costs.  Plaintiff requests reimbursement of attorneys' fees and costs at an hourly rate of $280.00 for the time of Robert McCoy, Esq., and $200.00 for the time Raleigh Thompson, Esq.  After reviewing Plaintiff's Memorandum (#22) and the affidavit of Raleigh Thompson, the Court finds that the Plaintiff has offered sufficient evidence that the above hourly rate is reasonable.

Plaintiff's attorney Raleigh Thompson worked 13 hours and attorney Robert McCoy worked 1.1 hours, for a total of 14.1 hours spent drafting the Motion to Compel and preparing for Defendant's deposition.  Plaintiff's counsel claims that the attorneys spent their time reviewing deposition related documents; researching case law on compelling depositions and the available sanction; drafting, revising and editing the motion; drafting the declaration of counsel in support of motion; and preparing the memorandum of fees and costs and the accompanying declaration.

Pursuant to LR 7-2(d), "failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion."  Because Defendants failed to file a response to this Memorandum, the Court is inclined to award Plaintiff its requested fees.  The Court however only awarded Plaintiff its fees and costs associated with bringing its Motion to Compel (#17) and Defendant's failure to attend the deposition.  The Court's Order (#20) does not extend to the fees and costs associated with preparing a memorandum of fees and costs.  The Court will therefore reduce Plaintiff's requested fees by $500.00 for the time spent preparing

. . .

. . .

. . .

its Memorandum (#22).[1]  Considering the totality of the circumstances, the Court finds that $2,400.00 is a reasonable amount of fees.

Plaintiffs also request reimbursement in the amount of $693.70 in costs for the court reporter and deposition transcripts.  Plaintiff submitted receipts supporting the costs incurred, and the Court finds the requested costs are reasonable.  Therefore, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees and costs to the Plaintiff in the amount of $3,093.70.  The relevant factors are subsumed in this calculation of the reasonable attorneys' fees, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants are to pay Plaintiff the total sum of **$3,093.70**.  Defendants are further ordered to make full payment to Plaintiff by **Friday, April 6, 2012.**

DATED this 16th day of March, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[1] Plaintiff failed to provide the Court with an itemized description of the work performed and the amount of time spent on each task as requested in the Court's Order (#20).  The Court therefore estimates the amount of fees and costs associated with preparing the Memorandum (#22), and finds that $500.00 is a reasonable approximation.