# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COMMUNITY BANK OF NEVADA, | Case No. 2:11-cv-00297-LDG (GWF) |
| Plaintiff, | **ORDER** |
| v. | |
| CBC FINANCIAL CORPORATION, *et al.*, | |
| Defendants. | |

The plaintiff, the Federal Deposit Insurance Corporation, in its capacity as Receiver for Community Bank of Nevada, Inc. ("FDIC"), brought this action alleging that defendants CBC Financial Corporation and Barton Maybie owe the FDIC over the unpaid principal, interest and penalties on a $2,000,000 loan that the FDIC took over from the failed Community Bank of Nevada. The FDIC now moves for summary judgment on its claims (#21), which motion the defendants oppose (#25). Having considered the pleadings, the arguments of the parties, the record, and judicially noticeable facts concerning the FDIC's receivership of Community Bank, the Court will grant the motion.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the

2

moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Factual Background

The defendants concede that Barton Maybie entered into a loan agreement with Valley Bank, in which he borrowed $2,000,000; an obligation that CBC Financial guaranteed.  Community Bank subsequently acquired Valley Bank and the plaintiffs and Community Bank entered into a series of Change in Terms Agreements and loan agreements regarding the loan.

Maybie stopped making payments on the loan.

3

Community Bank was closed by the Nevada Financial Institutions Division, and the FDIC was appointed as receiver.

Analysis

In opposing the FDIC's motion for summary judgment, the defendants raise three arguments: (1) the FDIC has not shown that it has a right to enforce the note; (2) the parties entered into an accord in the amount of $500,000 to satisfy the debt; and (3) the accounting on the amount due is incomplete. Each of the arguments is without merit.

<u>The FDIC was Appointed Receiver of Community Bank, and Can Enforce the Note</u>

The defendants assert that the FDIC has not proffered sufficient evidence to show that it has the right to enforce Maybie's obligation to Community Bank. The argument rests upon their assertion that the FDIC has neither shown that Nevada closed Community Bank nor that it appointed the FDIC as receiver. The argument is without merit.

The FDIC presented the declaration of Gary Ellis, a vice-president of KeyBank Real Estate Capital ("KeyBank"), which was contracted by the FDIC to manage the loan at issue in this case. He declared having personal knowledge that the Nevada Financial Institutions Division closed Community Bank and that the FDIC was appointed receiver. The defendants have not offered any evidence disputing that the FDIC contracted with KeyBank to manage the loan at issue, have not offered any evidence disputing that Ellis is a vice-president of KeyBank, and have not offered any evidence suggesting that Ellis lacks personal knowledge that Nevada closed Community Bank or that Nevada appointed the FDIC as receiver of Community Bank.

Further, in reply, the FDIC has further proffered into the record a copy of Nevada's Summary Order for Revocation of Charter and Appointment of FDIC as Receiver/Liquidator, which appointment the FDIC accepted. Accordingly, the defendants have not raised a triable issue of fact whether Nevada closed Community Bank or whether the FDIC was appointed as Receiver of Community Bank.

1 <u>The Defendants Cannot Show, and Have Not Shown, an Accord and Satisfaction</u>

2 The defendants assert that an issue of fact exists whether the parties entered into a modification of the terms of payment. The argument fails both because the defendants failed to assert the affirmative defense of accord and satisfaction in their answer and because they have not offered evidence raising a triable issue of fact of an accord and satisfaction.

The evidence submitted by the defendants establishes that on June 8, 2011, the FDIC communicated to the defendants that it would accept their offer of $500,000 in satisfaction of the debt. As conceded by the defendants, they did not pay the $500,000.

Maybie asserts, in his declaration, that he was told that the FDIC would accept $500,000 in full satisfaction of the debt, shortly after he made the offer, but that the transaction had to be completed by April 15, 2011. However, when it came time to close the transaction, the FDIC would not accept the money. At best, the defendants' evidence establishes that the parties had not reached an accord until June 8, 2011. As conceded by the defendants, after June 8, 2011, they did not tender the $500,000 to satisfy the accord. Accordingly, even if the defendants had not waived the defense of an accord and satisfaction, they have not raised a triable issue of fact of an accord and satisfaction.

<u>The Defendants Have Not Raised an Issue of Fact as to the Accounting</u>

The defendants argue that the declaration of Ellis is insufficient to authenticate a number of the loan documents as he is neither a representative of Valley Bank or Community Bank. The argument is without merit, as (a) Ellis has declared that he is vice-president of KeyBank, and that the FDIC contracted with KeyBank to manage the loan at issue, and (b) the defendants have not offered any evidence suggesting a triable issue of fact exists as to either of these declarations of Ellis's knowledge.

5

The defendants argue that Ellis's declaration is insufficient to establish that Maybie defaulted on the loan. The argument is irrelevant given that Maybie conceded, in his own deposition, that he stopped making payments on the loan.

The defendants argue generally, without directing the Court's attention to any specific aspect of either the declaration of Ellis or the accounting attached to his declaration, that it fails to identify the date of the default, the amount owed at that time, or how the accounting was calculated. The argument is contrary to the documentation submitted by the FDIC, which establishes that interest on the debt was paid through June 3, 2009, that default interest accrued on July 3, 2009, that the principal balance of the loan is $1,255,696.58, that the amount of interest accrued since June 3, 2009 (until the time the accounting was performed) was $180,558.70. The rate of interest was 5.25% as set forth in the April 3, 2009 Change in Terms Agreement. The amount of default interest since the default on July 3, 2009, was $216,747.18. The rate of default interest was 6.5% as also set forth in the April 3, 2009 Change in Terms Agreement.

The defendants have neither proffered any evidence disputing these facts, nor presented any argument suggesting that the accounting as applied to these facts was performed incorrectly. Accordingly, no triable issue of fact exists as to the amount due and owing under the loan to which Maybie agreed, and which CBC Financial guaranteed.

As the defendants have not proffered any evidence or argument suggesting that a triable issue of material fact remains, summary judgment is appropriate in favor of the FDIC. Therefore,

1  THE COURT **ORDERS** that the Motion for Summary Judgment (#21) of Federal
2  Deposit Insurance Corporation, in its Capacity as Receiver for Community Bank of Nevada,
3  Inc., is GRANTED.
4  DATED this ___11___ day of September, 2012.
5  39

Lloyd D. George
United States District Judge